IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 05-CV-248-WDS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This matter is before the Court for review of the merits of petitioner's claims challenging his reinstated conspiracy conviction. This Court previously dismissed the petition as a second or successive petition, a ruling which was reversed on appeal by the Seventh Circuit. ***Hawkins v. United States*, 415 F.3d 738 (7th Cir. 2005)**. The Court of Appeals, held that his habeas claims as to his reinstated conspiracy conviction and sentence was a new petition within the meaning of **28 U.S.C. § 2244,** but that his claims of due process violations were barred. **415 F.3d at 740.**

The government has filed a response to the petitioner's habeas claims related to his reinstated conviction and sentence (Doc. 18) and the petitioner has filed a document entitled "Traverse" in which he objects to the government's response, thereby making the pleading, in effect, a reply to the government's response (Doc. 22).

**BACKGROUND**

A brief review of the procedural background of this case is required before the Court addresses the merits of petitioner's latest habeas action. The petitioner ("Hawkins") was convicted of running a continuing criminal enterprise based in Southern Illinois that distributed

cocaine and marijuana and also was involved in interstate burglary and robbery. *United States v. Hawkins,* **90-CR-30067-WDS.** The jury, on May 21, 1992, convicted Hawkins of conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of **21 U.S.C. § 846** (Count 1); distribution of cocaine, in violation of **21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)** (Count 2); engaging in a continuing criminal enterprise (CCE) in violation of **21 U.S.C. § 848** (Count 3); and conspiracy to travel in aid of racketeering in violation of **18 U.S.C. § 371** (Count 4). The defendant was sentenced to a term of imprisonment of 420 months on each of Counts 1 and 3 and a term of 60 months on Count 4, all to be served concurrently. On Count 2 petitioner was sentenced to a term of 35 years, with the possibility of parole after serving one third, the sentence to be served concurrently with the terms imposed on Counts 1, 3 and 4.

The defendant did not take a direct appeal, but on February 5, 1997, this Court granted his habeas petition (filed in the criminal action) finding that trial counsel failed to perfect his direct appeal of his conviction and sentence. The Court of Appeals, in an unpublished opinion, *United States v. Hawkins*, **139 F.3d 902 (table), 1998 WL 104627 (7th Cir. 1998) (*Hawkins I*),** affirmed his conviction and sentence on all but the conspiracy conviction, finding that, pursuant to the intervening Supreme Court ruling in *Rutledge v. United States*, **517 U.S. 292 (1996),** the conspiracy conviction was a lesser included offense of the CCE conviction. *Hawkins I,* **at \*3.**

In that opinion, the Court of Appeals noted that the defendant had seven issues on appeal. *Id.* **at \*1**. In addition to the *Rutledge* issue, which the government conceded, the Court of Appeals considered and rejected each of the following issues on appeal: double jeopardy with respect to his CCE conviction in his underlying criminal case and his conviction in the Eastern

District of Missouri; evidentiary rulings[1]; prosecutorial misconduct in the government's examination of witnesses and referring to Hawkins and his "organization" or "gang"; removal of counsel for potential conflict of interest; failure to instruct the jury on multiple conspiracies; and, variance between the second superseding indictment and the proof at trial. *Hawkins I,* **at \*\*3-6**. The Court of Appeals noted that with respect to his claim that the criminal history points assessed at sentencing based on his Missouri convictions were incorrect, that it was error to include the Missouri sentence in his criminal history calculation, *Id.* **at \*6**, and that his criminal history should have been a Category V and not a Category VI as this Court had determined at sentencing.

After remand to this Court for re-sentencing, Hawkins was re-sentenced to a term of imprisonment of 383 months and Hawkins again took a direct appeal of that sentence. *United States v. Hawkins*, **183 F.3d 923 (table), 1999 WL 402414 (7th Cir. 1999)** (*Hawkins II*). The Court of Appeals noted that this successive appeal raised two issues, first that this Court abused its discretion in sentencing him to a prison term longer than the minimum term of 360 months specified in the Sentencing Guidelines because that term exceeded his life expectancy, and second, that this Court erroneously refused to hear testimony that he wished to present at the sentencing hearing including the testimony of Tommy House, a co-defendant who wished to recant certain aspects of his 1992 trial testimony and other matters pertinent to his sentencing. The Court of Appeals upheld the sentence imposed finding that this Court was "free to impose

---

[1] Among the evidentiary issues raised were: admission of out-of-court statements, admission of testimony of drug use by Hawkins, admission of testimony concerning uncharged crimes; failure to establish a chain of custody permitting the introduction of certain exhibits, and including a recorded conversation involving Hawkins that had been used in the Eastern District of Missouri. *Hawkins I*, at \*3.

any sentence within the Guideline range that [the Court] deemed to be appropriate in the proper exercise of his discretion." *Hawkins II*, **at \*1**, and further held that it was not an abuse of discretion in the decision not to hear the defendant's proposed testimony. The Seventh Circuit held:

> Our decision to remand for re-sentencing did not open the door to a wholesale re-examination of the many factual determinations underlying Hawkins' sentence. We ordered the re-sentence out of an abundance of caution, acknowledging the likelihood that neither the vacation the conspiracy conviction nor the error in the criminal history calculation had any impact on the sentencing range.

*Hawkins II*, **at \*2.** The Court of Appeals noted that in remanding for re-sentencing it had specifically stated that in light of the "narrow grounds" on which the judgment was vacated, "the district court is not obliged in re-sentencing Hawkins to entertain any sentencing issues not previously raised or which it has already ruled upon." *Id.* **at \*2 (***quoting Hawkins I*, **at \* 6).**

In 2000, Hawkins filed a habeas petition, *Hawkins v. United States*, **No. 00-CV-471-WDS,** challenging his conviction and sentence on several grounds: (1) that he received ineffective assistance of counsel in that counsel did not adequately conduct pre-trial investigations; (2) the government engaged in prosecutorial misconduct; (3) he received ineffective assistance of counsel at sentencing in that counsel failed to object to petitioner's sentence being outside the statutory maximum; (4) he received ineffective assistance of counsel on appeal in that counsel failed to raise "specific and obvious issues"; (5) the Court gave improper jury instructions; and (6) the Court improperly failed to require the government to produce certain government witnesses for cross-examination. The Court denied each of these claims in an order dated October 20, 2000 (Doc. 15).

Petitioner then sought reconsideration, asserting that (1) trial counsel failed to

adequately conduct a pretrial investigation; (2) appellate counsel was ineffective for failing to raise a claim of prosecutorial misconduct on appeal, and that this Court improperly failed to consider the merits of petitioner's prosecutorial misconduct claim as presented in his habeas petition; (3) the Court failed to give a unanimity instruction for the predicate acts underlying his CCE conviction necessitating the reversal of his CCE conviction; and (4) the Court improperly allowed the admission of certain witness statements without requiring the government to produce these witnesses for cross-examination. The Court denied all of the motion to reconsider with the exception of petitioner's claim as to the CCE charge and the unanimity jury instruction. (00-CV-471-WDS, Doc. 29).

The Court then issued an order indicating that it intended to vacate petitioner's CCE conviction and reinstate his conspiracy conviction on Count 1, pursuant to **Rutledge v. United States**, **230 F.3d 1041, 1047 (7th Cir. 2000)** and gave the petitioner leave to file a brief directed to this issue. (00-CV-471-WDS, Doc. 35). After further briefing on the issue[2] of the reinstatement of the conspiracy conviction, the Court issued its Memorandum and Order vacating and setting aside the CCE conviction pursuant to **Richardson v. United States**, **526 U.S. 813 (1999)** and reinstating the petitioner's conspiracy conviction in Count 1 pursuant to *Rutledge,* **230 F.3d at 1047.**

The Court also considered the *Apprendi* claim brought by the petitioner's counsel and

---

[2] The Court noted in its Opinion that the petitioner, acting *pro se*, had been given a page limitation of 25 pages to address the reinstatement of the conspiracy count issue. Despite the Court's order, petitioner had re-submitted his 92 page brief which the Court had rejected in May of 2001 (00-CV-471-WDS, Doc. 40 p. 3). To further complicate matters, petitioner's attorney filed a brief which did not object to the reinstatement of Count 1, the conspiracy count, but did object to the imposition of a sentence on *Apprendi* grounds.

found that his *Apprendi* claim was time-barred under the AEDPA, 28 U.S.C. §2255, but even if not time barred, under a plain error review, the petitioner could not show that the *Apprendi* error of not instructing the jury to determine the amount of drugs in any way affected the fairness, integrity or public reputation of the judicial proceedings.   The Court found that there was overwhelming evidence at trial that the conspiracy involved much more than 5 kilograms of cocaine, finding that the clear evidence was that the actual amount was more than15 but less than 50 kilograms of cocaine. The Court, therefore, rejected petitioner's *Apprendi* claim on all grounds.  (See 00-CV-471-WDS, Doc. 40 pp. 4-8).   The Court then re-instated petitioner's conviction on Count 1 and sentenced him to a term of imprisonment of 383 months on Count 1 and 60 months on Count 4 to be served concurrently.   As to Count 2 the defendant was sentenced to a term of 35 years, being eligible for parole under 18 U.S.C. § 4205(a) upon serving one-third of such term, said term of imprisonment on Count 2 to run concurrently with the terms of imposed on Counts 1 and 4. (*Id.*  at p. 8).   The Court then applied the special assessment on Count 3 to the reinstated Count 1. (*Id.* at p. 9).

Thereafter, petitioner sought relief under Rule 59(e)  which the Court construed as a motion for reconsideration.  Upon review of the record, the Court denied that motion on all grounds and judgment was entered (00-CV-471-WDS, Doc. 46).  Petitioner filed a notice of appeal, and this Court denied his motion for a certificate of appealability (Doc. 53).   That denial was affirmed by the Court of Appeals on November 17, 2003, **Hawkins v. United States**, **No. 03-3077 (7th Cir. 2003).**     Not satisfied with this, petitioner filed a motion for relief from judgment pursuant to Rule 60(b) in his habeas action and a motion to correct illegal sentence pursuant to Fed. R. Crim. P. 35 in his criminal action, seeking identical relief.  Petitioner sought to correct

the sentence on Count 2 alleging that the statutory cap would have been 15 years, and challenged the reinstated conspiracy conviction on the grounds that the government committed fraud in asserting that there were no *Apprendi* claims or issues. The Court held that petitioner's claim that he faced only a 15 year cap on Count 2 required review by the Court, but rejected his Rule 60(b) motion (Doc. 57).  The Court denied the Rule 35 motion in a separate order issued in the criminal case (No. 90-30067, Doc. 557) holding that the defendant's sentence on Count 2 was properly imposed.

Petitioner appealed these rulings, and the Court of Appeals affirmed this Court's order, denying him relief under Rule 60(b) (No 04-3903) and, in an unpublished opinion, affirmed the Court's denial of his motion for relief under Rule 35, holding that petitioner was wrong in his assessment of his sentence on Count 2, and that the 35 year term of imprisonment was legal. ***United States v. Hawkins*, No 05-3494 (7th Cir. 2006)**.  In addition to the Rule 35 motion, petitioner also filed a motion for new trial in his criminal case alleging "newly discovered evidence."  (90-CR-30067, Doc. 550).  This Court denied his motion for new trial (Doc. 551), and that ruling was affirmed on appeal on the grounds that this was his third collateral attack, merely styled as a motion for new trial.  ***Hawkins v. United States,*  No 05-2409 (7th Cir. 2005).**

### A.   Ruling of Court of Appeals on Remand

In its order of remand, the Court of Appeals held that petitioner's 2005 habeas action, ***Hawkins v. United States,*  05-248-WDS,**  was not barred as being a second or subsequent petition because it was attacking, for the first time, the Court's order which re-sentenced the defendant.  Therefore, the Court of Appeals held that "the proposed attacks on the conspiracy conviction and sentence–namely that his right to appeal was violated and that the sentence

violates *Apprendi*–are not subject to § 2244(b)(3)." 415 F.3d at 740. The Seventh Circuit also held that "because Mr. Hawkins' conspiracy conviction was initially vacated on direct appeal, he could not have pursued claims against his sentence for that offense during the first collateral proceeding." *Id.*  However, the Seventh Circuit forestalled his "proposed due process claim attacks on a trial decision made more than thirteen years ago" finding that "he does not advance any new evidence or new constitutional rules in support of the proposed claim, and thus, does not satisfy the criteria for authorization." *Id.*

Therefore, pursuant to the ruling of the Court of Appeals, petitioner's due process claims are not available for review in this habeas review. The only claims that are available for review would be directed to his conspiracy conviction and sentence. *Id.* Those claims are only available to the extent that they have not been previously considered and rejected by this Court or the Court of Appeals. The Court will, therefore, summarize petitioner's claims raised in this habeas action and determine which, if any, are subject to review in light of the ruling of the Court of Appeals.

**B.     Standard of review:**

Grounds for relief pursuant to **28 U.S.C. § 2255** are more limited than grounds for relief on direct appeal. *See Massaro v. U.S.,* **538 U.S. 500, 504 (2003).** When possible, all issues raised in a § 2255 motion must first be raised on direct appeal. *See Williams v. United States*, **805 F.2d 1301, 1304 (7th Cir. 1986),** *cert. denied*, **481 U.S. 1039 (1987)**. Specifically, there are three issues that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that were not but could have been raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal,

absent a showing either of good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the claim would result in a fundamental miscarriage of justice. ***McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992),** *rev'd on other grounds, Castellanos, v. United States*, **26 F.3d 717 (7th Cir. 1994).** The cause and prejudice test applies both to defendants who collaterally attack a conviction following trial, and to defendants who are sentenced after a guilty plea and subsequently attack their sentence by raising new issues for the first time under **§ 2255.** ***Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).**

Given this standard of review, the Court will consider each of the claims now raised by Hawkins in his 2005 habeas action.

**C.     Analysis of Claims Raised by the Petitioner:**

The following are the claims for relief which Hawkins raises in this petition:

1.     Fifth Amendment right to due process and Sixth Amendment right to assistance of counsel were violated when the district court denied a motion for continuance of trial.  This claim, is clearly a due process claim related to the trial and is not available to the petitioner.  The Court has previously considered trial related claims in his prior habeas actions.  This review is strictly limited to his re-sentencing on the conspiracy count, and, therefore, this claim is **DENIED**. *See* **415 F.3d at 740.**

2.     The district court failed to advise petitioner of his right to bring an appeal from the reinstatement of the conspiracy count and re-sentencing in absentia, and denied petitioner his right to be present.   In light of the Court of Appeals ruling that petitioner can challenge his

9

reinstated conspiracy count and sentencing, that aspect of this ground is **MOOT** and is **DENIED.**

Petitioner also challenges the fact that in re-instituting the defendant's sentence on the conspiracy count, he was sentenced "in absentia." The Court **FINDS** that this claim is without merit. The record is clear that at the time of his original sentence, the defendant had the opportunity to raise issues with respect to this count and the imposition of sentence on that count. The unusual procedural nature of this case, and the fact that counts have, after conviction, been vacated and re-instated based on subsequent Supreme Court decisions, does not negate the fact that the petitioner has had his day in court with respect to the conspiracy sentence. The re-sentencing was nothing more than the reinstatement of a previously imposed sentence based on legal grounds. The Court specifically, in its order on reinstatement of the conspiracy count, held that the petitioner did not have the right to a "re-sentencing, including a new PSR, the right to an allocution, and notification of his right to a direct appeal." (00-471, Doc. 46). The Court, before re-sentencing the petitioner, advised petitioner of its intention to reinstate this count and gave petitioner the opportunity to file objections to that reinstatement. *Rutledge*, **230 F.3d at 1047.** That decision was, as detailed above, appealed previously. Therefore, the Court **FINDS** that this claim has been considered and previously rejected, and therefore, it is **DENIED.**

3.  The sentence imposed on re-sentencing violates the Sixth Amendment and *Apprendi v. New Jersey*, **530 U.S. 466**, and the jury instructions and jury verdicts worked to constructively amend the indictment and limit the Court's sentencing authority under 21 U.S.C. § 841(b)(1). The Court notes that the issues concerning the application of *Apprendi* have been considered and rejected by this Court. In 00-471, Doc. 46, the Court specifically stated: "To the extent that

petitioner claims that *Apprendi* has application to this case, and therefore the Court could not resentence him to a term of more than twenty years, that claim has been rejected by the Seventh Circuit's ruling in *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (holding that *Apprendi* is not retroactive on collateral review. *Id.* at 842.)."  In addition, the Court of Appeals affirmed the Court's ruling and declined to issue a certificate of appealability.  **See Hawkins v. United States, No. 03-3077.**   Therefore, the Court **FINDS** that petitioner's *Apprendi* issues have been previously considered and rejected by this Court, and this claim is, therefore, **DENIED.**

Similarly, petitioner has previously raised his claims with respect to constructive amendment of the indictment and those claims have been denied.  Moreover, they are an attack on the trial of this case, which is not the subject of this limited review.  Therefore, petitioner's claims relating to the jury instructions and the indictment are **DENIED.**

4.    The sentence was unlawfully enhanced in violation of the Sixth Amendment and *Apprendi v. New Jersey*.   As the Court has indicated, these claims have been previously considered and are **DENIED.**

5.    Petitioner's right to a fair trial was violated by the introduction of the Ted McKinney hearsay and counsel was ineffective in failing to object and move for a mistrial on these grounds.  This claim is related to trial issues and strategies, and is not subject to review as it is not directed to his right to appeal or his sentence, and is therefore **DENIED**.  *See,* **415 F.3d at 740.**

6.    The district court erred when it allowed inadmissible hearsay testimony of the government confidential informant witnesses, violating petitioner's due process rights and counsel was ineffective for failing to object to the inadmissible hearsay and raise this claim on direct appeal.  This claim, also a claim relating to the trial and trial evidence has been previously

11

addressed by prior rulings of this Court and is not available and is **DENIED**. *Id.*

7.      The admission and use of the Ted McKinney "Nagra" tape evidence violated petitioner's right to confront witnesses. Similarly, this claim relates to evidentiary issues and was available to the petitioner in his prior proceedings and is **DENIED**. *Id.*

8.      Petitioner's right to confrontation under the Sixth Amendment was violated by the admission of witness statements through other witnesses. Again, this is an attempt to challenge trial proceedings which is not available in this review, and this claim is, accordingly, **DENIED**. *Id.*

9.      The district court violated the petitioner's Fifth and Sixth Amendment rights when it held two ex parte interviews with jurors. This is another challenge to the trial of this case, and this claim is **DENIED.**

10.     Petitioner's right to a fair trial was violated when the Assistant United States Attorney commented on defense's failure to call certain witnesses, which shifted the burden to the petitioner. Not only has this claim been raised on appeal, it is not the subject of this review as it concerns trial issues and strategies and it is, accordingly, **DENIED.** *See* **415 F.3d at 740.**

11.     The government shifted the burden of proof to the petitioner during trial when the government attorney asked petitioner if the government's witnesses were liars during petitioner's cross-examination and counsel failed to object, rendering ineffective assistance. This claim is, for the same reasons as stated above not available, and it is **DENIED.** *Id.*

12.     The government attorney engaged in prosecutorial misconduct which resulted in a violation of petitioner's due process rights and right to a fair trial. For the same reasons, this trial attack is not available and it is **DENIED.**

13. Trial counsel was ineffective in failing to prepare for trial and to call defense witnesses to rebut the government's case. This claim is, also, not available and is **DENIED.**

14. The district court erred when it allowed the government to introduce evidence of other crimes and uncharged conduct during trial, violating petitioner's right to a fair trial and counsel failed to object to these errors, and raise them on appeal, thereby rendering ineffective assistance of counsel. This claim, relating to the trial proceedings and the introduction of evidence is not available and will not be reviewed in this proceeding. *Id.*

15. The petitioner's Fourth Amendment rights were violated when agents searched him during a traffic stop and seized his personal papers and they were admitted at trial. This claim pre-dates the trial, has been addressed previously, and simply is not available in this action and is, therefore, **DENIED**. *Id.*

16. Counsel was ineffective at sentencing when he failed to object to petitioner's prior convictions and criminal history which resulted in an excessive sentence. Issues relating to trial counsel's performance, including sentencing issues, have been previously addressed and rejected by this Court in its many prior rulings. Accordingly, this claim is **DENIED.**

17. The government knowingly used perjured testimony and suppressed favorable and exculpatory evidence from the defense and counsel was ineffective in failing to investigate the facts and impeach the witnesses. This claim is, again, a trial related claim, is not available, and it is **DENIED.**

18. The 35 year sentence imposed on Count 2 exceeds the statutory maximum of 21 U.S.C. § 841 prior to its re-codification and effective date of November 1, 1987. This claim has been specifically addressed by this Court in prior motions filed by the petitioner in his criminal action,

as detailed above. Moreover, the Court of Appeals has specifically addressed and rejected this claim, holding that petitioner was wrong in his assessment of his sentence on Count 2, and that the 35 year term of imprisonment was legal. ***United States v. Hawkins*, No 05-3494 (7th Cir. 2006)**. Therefore, this claim is **DENIED.**

19.     Counsel was ineffective in failing to cross-examine Jody Wesley based upon threats and intimidation, and the government engaged in misconduct by allowing Wesley to threaten and intimidate witnesses, and violated the petitioner's rights when it failed to disclose to the Court and the jury the threats and intimidation. This is an evidentiary challenge, based on trial proceedings, and is not available. This claim, is, therefore, **DENIED.**

## CONCLUSION

Therefore, the Court **FINDS** that each of the claims raised by the petitioner in this habeas action fail to establish a basis for relief pursuant to **28 U.S.C. § 2255.** *See Massaro v. U.S.*, **538 U.S. 500, 504 (2003)**. The Court, therefore, **DENIES** petitioner's motion for habeas relief on all grounds raised, and this case is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

**DATED:     20 October, 2007**

                                                    **s/ WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**