IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM E. HAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 05-cv-248-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's notice of appeal, which the Court construes as a motion for certificate of appealability (Doc. 52); his motion for leave to appeal *in forma pauperis* (Doc. 55); and his motion for order appointing counsel (Doc. 56).

## I.  Motion for Certificate of Appealability

Issuance of a certificate of appealability requires the Court to find that Mr. Hawkins has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, petitioner has not made any showing of a denial of a constitutional right, and the Court, therefore, declines to issue a certificate of appealability.

## II.  Motion for Leave to Appeal *In Forma Pauperis*

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be granted leave to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Even though petitioner's affidavit regarding his pauper status is persuasive, he

did not file a certified statement of receipts, expenditures, and balances in his institutional accounts.  Furthermore, the Court has not been persuaded that petitioner's appeal has any merit, nor has his appeal been taken in good faith.  Therefore, the Court **FINDS** that petitioner's request for pauper status must be denied.

Accordingly, the Court **DENIES** petitioner's motion for leave to appeal *in forma pauperis* (Doc. 55).

### III.  Motion for an Order Appointing Counsel

Petitioner asks this Court to appoint counsel to assist him with his appeal.  Petitioner previously had the assistance of counsel, who filed petitioner's notice of appeal and subsequently withdrew from the case.  Petitioner claims that he does not have the financial resources to retain counsel, nor does he have the educational background to allow him to proceed pro se.

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).  Petitioner's motion for appointment of counsel would be more appropriately handled by the Seventh Circuit Court of Appeals, which will be considering his appeal.  In light of the fact that this Court does not have jurisdiction to consider this motion, the Court, hereby, **DENIES WITHOUT PREJUDICE** petitioner's motion to appoint counsel (Doc. 56), and informs him that he may re-file the motion in Seventh Circuit Court of Appeals.

## Conclusion

Accordingly, petitioner's notice of appeal, construed as a motion for certificate of appealability (Doc. 52) is **DENIED**.  Petitioner's motion to proceed on appeal *in forma pauperis* (Doc. 55) is **DENIED**.  Petitioner's motion for order appointing counsel (Doc. 56) is **DENIED WITHOUT PREJUDICE**.


**IT IS SO ORDERED**

**DATE:  February 14, 2011**

                                          **/s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**